## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION NO. 6:10-cv-0985** |
| **VS.** | **SECTION P** |
| **JAMES M. LeBLANC, ET AL.** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

**AND**

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION NO. 6:10-cv-0986** |
| **VS.** | **SECTION P** |
| **JAMES M. LeBLANC, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

**AND**

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION NO. 6:10-cv-0987** |
| **VS.** | **SECTION P** |
| **JAMES M. LeBLANC, ET AL.** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

**AND**

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION NO. 6:10-cv-1060** |
| **VS.** | **SECTION P** |
| **JAMES M. LeBLANC, ET AL.** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HANNA** |

**AND**

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION NO. 6:10-cv-1061** |
| **VS.** | **SECTION P** |
| **JAMES M. LeBLANC, ET AL.** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

**AND**

| BARON JOHNSON | | CIVIL ACTION NO. 6:10-cv-1062 |
|---|---|---|
| VS. | | SECTION P |
| JAMES M. LeBLANC, ET AL. | | JUDGE HAIK |
| | | MAGISTRATE JUDGE HILL |
| | AND | |
| BARON JOHNSON | | CIVIL ACTION NO. 6:10-cv-1063 |
| VS. | | SECTION P |
| JAMES M. LeBLANC, ET AL. | | JUDGE DOHERTY |
| | | MAGISTRATE JUDGE HANNA |
| | AND | |
| BARON JOHNSON | | CIVIL ACTION NO. 6:10-cv-1064 |
| VS. | | SECTION P |
| JAMES M. LeBLANC, ET AL. | | JUDGE MELANÇON |
| | | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

### 1. Background

On January 22, 2009, Plaintiff, who was then a prisoner in the custody of Louisiana's Department of Public Safety and Corrections and was incarcerated at the David Wade Corrections Center, filed a civil rights complaint suing the Department, Secretary LeBlanc and various corrections officers and others associated with the prison. Plaintiff's rambling, often incoherent complaint alleged violations of his Constitutional Rights. That matter was dismissed on March 5, 2010, when Plaintiff failed to abide by an order of court directing him to amend the complaint. See *Baron Johnson v. La. Dept. of Public Safety & Corrections*, No. 5:09-cv-0143. Plaintiff appealed that judgment and his appeal remains pending in the United States Fifth Circuit Court of Appeals. See 10-30478, *Johnson v. LeBlanc, et al.*

2

On August 13, 2009, Plaintiff, while still incarcerated, filed another complaint against Secretary LeBlanc, Governor Jindal, and 60 or so other individuals or institutions claiming that he was denied appropriate medical and mental health treatment while incarcerated.  He also complained of various conditions of confinement. That matter is still pending in the Shreveport Division of the Court. (On April 19, 2010, Plaintiff requested and was provided 10 forms for filing civil rights complaints and applications for proceeding *in forma pauperis*.) See *Baron Johnson v. James M. LeBlanc*, No. 5:09-cv-1467.

On June 3, 2010, Plaintiff, claiming to be a resident of Terrytown, Jefferson Parish, Louisiana, and  formerly a prisoner in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed three civil rights complaints pursuant to 42 U.S.C. §1983.

In Civil Action No. 6:10-cv-0923, Plaintiff sued LDOC Secretary James M. LeBlanc, Louisiana Governor Bobby Jindal, Dr. Dietrich Damon of the West Jefferson Medical Center, Marrero, Jefferson Parish, Louisiana, and Dr. Juan Labadie of the Jefferson Parish Department of Human Services, Marrero, Louisiana. He alleged that these defendants denied him adequate medical or mental health care.

In Civil Action No. 6:10-cv-0924, Plaintiff also sued LeBlanc and Labadie and Dr. Milton Sterling of the West Jefferson Medical Center; he also alleged that these defendants denied him adequate medical or mental health care.

In Civil Action No. 6:10-cv-0970 Plaintiff again sued LeBlanc and Labadie and Social Worker Sandra Sumler, Jefferson Parish Department of Human Services; again, he alleged that these defendants have denied him adequate medical or mental health care.

In all three cases, Plaintiff prayed for money damages and the appointment of counsel. He

also requested permission to proceed *in forma pauperis*.

Since none of the defendants resided in this District, and since the events complained of occurred elsewhere, United States Magistrate Judge Patrick J. Hanna ordered each of these cases transferred to the United States District Court for the Eastern District of Louisiana on June 16, 2010. The complaints were transferred and remain pending in that Court.

In the meantime, on June 4, 2010, Plaintiff filed three additional civil rights complaints in this Court.

In Civil Action No.  6:10-cv-0985, Plaintiff alleged that he resides in Marrerro, Louisiana and he sued Secretary LeBlanc, Dr. Labadie and A.R. Coleman, a Case Manager with Jefferson Parish Project Reach Program.

In Civil Action No. 6:10-cv-0986, Plaintiff again alleged that he resides in Marrerro and he again sued Secretary LeBlanc and Dr. Labadie, along with Adrienne Rynning, a psychiatrist or psychologist with the Jefferson Parish Mental Health Clinic. He also sued the "Winnsboro Mental Health Clinic" in Winnsboro, Louisiana.

In Civil Action No. 6:10-cv-0987 he alleged that he resides in Marrerro and again sued Secretary LeBlanc, Dr. Labadie, Sandra Sumler of the Jefferson Parish Human Service Authority, the Transitional Care Center Care Services in Gretna, and the David Wade Correctional Center, Homer, Louisiana.

On June 14, 2010, Plaintiff filed four additional civil rights complaints.

In Civil Action No. 6:10-cv-1060 he sued Secretary LeBlanc, and former LDOC Secretary Richard Stalder, Johnny Creed (who is believed to be an official with the Jackson Parish Jail), the Harvey Probation and Parole Office, the Tulane Medical Center, the LDOC, the Second Parish

Courthouse of Jefferson Parish, the Twenty-Fourth Judicial District Court, the Jefferson Parish Human Resources and Mental Health Clinic, the Jefferson Parish Project Outreach Program, the West Jefferson Medical Center, and the Transitional Care Center in Marrero.

In Civil Action No. 6:10-cv-1061 he alleged that he resided in Terrytown, Jefferson Parish, Louisiana and he again sued Secretary LeBlanc, Dr. Labadie, Sandra Sumler, the Marrero Community Center, Jefferson Parish Project Outreach, Ms. Brannon of the Jefferson Parish Social Security Office, and the West Jefferson Medical Center.

In Civil Action No. 6:10-cv-1062 he alleged residence again in Marrerro and sued Secretary LeBlanc, Adrienne Rynning, Dr. Labadie and the West Jefferson Medical Center.

Finally in Civil Action No. 6:10-cv-1063 he again alleged residence in Terrytown and again sued Secretary LeBlanc, Dr. Labadie, Ms. Rynning, Ms. Sterling and Ms. Brannon of the Jefferson Parish Social Security Office and the David Wade Corrections Center.

In each of these suits Plaintiff complained that the defendants have violated his constitutional rights by denying him medical or mental health treatment or assistance or for denying him the right to have counsel present when medical decisions were made.

Thereafter, on June 15, 2010, Plaintiff filed a civil action in the United States District Court for the Eastern District of Louisiana against Secretary LeBlanc, former Secretary Stalder, Johnny Creed, the Harvey State Bldg., the Bureau of Human Rights, St. Joseph the Worker, A.R. Coleman, Jefferson Parish Project Outreach Program, the Medical Center of Louisiana, the Tulane Medical Center, the Twenty-Second Judicial District Court, the Marrero Post Office, Medicaid Representatives Casandra Bradley, Ms. Roubion, and R. Coleman, the West Jefferson Medical Center, Annryet Yarbrough, the Americans with Disabilities Act, the Office of Public Health, the

Department of Health and Hospitals, the West Jefferson Bureau of Health Services, the Louisiana Department of Health and Hospitals, the Jefferson Parish Human Services Authority, Garry Davis, Director of Pathways Housing, the Louisiana Hospitals in Shreveport and New Orleans and the Department of Public Safety and Corrections. On initial review, United States Magistrate Judge Alma L. Chasez characterized the complaint as "... a confusing, unintelligible document containing rambling and vague allegations which appear to relate to the treatment he received prior to and since his release from incarceration on September 16, 2009." Magistrate Judge Chasez ordered Plaintiff to amend the complaint to provide a more intelligible pleading or to suffer dismissal with prejudice. See *Baron Johnson v. James M. LeBlanc, et al.*, No. 2:10-cv-1734 (E.D. La.) at Doc. 4.

### 2. Consolidation

Federal Rule of Civil Procedure 42 provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

As noted in the Rule, the purpose of consolidation is to "avoid unnecessary costs or delay." *Id.*; *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir.1993). Federal district courts have very broad discretion in deciding whether to consolidate. *Frazier*, 980 F.2d at 1531-32.

Consolidation of the above captioned cases is appropriate.

### 3. Malicious and Vexatious

Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is

6

untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. § 1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. See *Green*, 788 F.2d at 1119. If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See *Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Or, put another way, "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

Plaintiff's complaints are duplicative of matters presently pending before either the United States District Court for the Eastern District of Louisiana or this Court. Plaintiff has abused the privilege of litigating *in forma pauperis*; the above captioned suits are clearly vexatious and malicious and dismissal is appropriate.

Plaintiff continues to file complaints naming the same defendants and alleging the same

operative facts, and, it does not appear that he will discontinue this practice unless sanctions are imposed.

*4. Conclusion*

For the foregoing reasons,

**IT IS ORDERED** that the above captioned suits are hereby **CONSOLIDATED.   A Judgment of Dismissal will issue separately.**

**IT IS FURTHER ORDERED** Plaintiff pay the sum of $500 (Five Hundred Dollars) as a sanction for his duplicative, vexatious, and malicious filings and that he is **BARRED** from filing **ANY** pleadings in this Court until said sanction is paid.

**MONROE, LOUISIANA**, this 7th day of July, 2010.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

8